**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Unknown Party, | No. CV-24-00199-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Aaron Gordon Holmes, Jr., | |
| Defendant. | |

At issue is pseudonymous Plaintiff Jane HW Doe's Motion for Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55(b) against Defendant Aaron Gordon Holmes, Jr. (Doc. 15, Motion.) Defendant has not filed a response. For the reasons set forth below, the Court finds default judgment appropriate.

**I.     Background**

On March 23, 2021, Defendant was indicted by a federal grand jury on three counts under 18 U.S.C. § 2252, which criminalizes the possession and distribution of child pornography. (*United States v. Holmes, Jr.*, No. CR-21-00192-PHX-SMB (D. Ariz.), Criminal Case, Doc. 13; Doc. 14.) Plaintiff initially pled not guilty, but later changed his plea to guilty after Judge Brnovich denied his motion to suppress certain evidence that he asserted was procured in violation of the Fourth Amendment, (*see* Doc. 55).[1] Plaintiff was

---

[1] Plaintiff repeatedly states that Defendant pled guilty on the date of his indictment. (Doc. 1 at 3; Motion at 3.) That is inaccurate. Defendant initially pled not guilty, (Criminal Case, Doc. 18), before eventually changing his plea to guilty after receiving an adverse evidentiary ruling, (Criminal Case, Doc. 59).

notified around May 2022 by the United States Department of Justice that several of the pornographic images involved in Defendant's crimes depicted her as a child. (Doc. 1, Complaint at 3.) This notice resulted from analysis conducted by the Child Victim Identification Program at the National Center for Missing and Exploited Children and is supported by an affidavit from a program manager. (*See* Doc. 15-9.) Plaintiff alleges that Defendant's criminal counsel also received this notice. (Complaint at 3.)

Pursuant to a plea agreement, Defendant was adjudged guilty on October 12, 2022 of one count of distributing child pornography and sentenced to 120 months of incarceration. (Criminal Case, Doc. 84.) The other two counts were dismissed in accord with the terms of the plea agreement.[2] On January 29, 2024, Plaintiff filed a civil complaint seeking monetary relief under 18 U.S.C. § 2255(a), which provides in relevant part as follows:

> Any person who, while a minor, was a victim of a violation of section [2252] of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

Plaintiff seeks actual damages, or in the alternative liquidated damages, as well as costs and fees. Plaintiff's prayer for actual damages is based on the lingering trauma engendered by Defendant's actions, "including but not limited to flashbacks, nightmares, lack of trust in people, especially males and males in positions of authority, social isolation, shame, guilt, and anger, bitterness, nervousness, anxiety, depression, and fear." (Complaint at 5.)

---

[2] Plaintiff alleges that Defendant pled guilty to an offense under § 2252(a)(4)(B). (Complaint at 4; Motion at 3.) This, too, is inaccurate. Defendant pled guilty to an offense under § 2252(a)(2) and was sentenced accordingly. (Criminal Case, Doc. 81; Doc. 84.) All other counts, including the count arising under § 2252(a)(4)(B), were dismissed on motion of the United States. (Criminal Case, Doc. 84.) This clerical error suffuses the Complaint, but the Court finds it substantively inconsequential and will therefore view the Plaintiff's allegations regarding § 2252(a)(4)(B) as references to § 2252(a)(2).

Plaintiff served the Complaint on Defendant in person at his place of incarceration. (Doc. 9.) Upon Defendant's failure to answer or otherwise respond, Plaintiff applied for entry of default and duly served the application on Defendant by mail. (Doc. 12-3.) Following the Clerk of Court's entry of default, Plaintiff moved for default judgment by filing the instant Motion, which she served on Defendant by mail. (Doc. 15-14.) Defendant has not responded to the application for default or the motion for default judgment.

In her Motion for Default Judgment, Plaintiff clarified that she is seeking actual damages in the amount of $1 million or alternatively liquidated damages in the statutory amount of $150,000. (*See* Motion at 7, 9.) In support of her request for $1 million, Plaintiff has submitted extensive medical records, including a comprehensive psychiatric analysis and documentation of her therapy history. (Doc. 1-3 through 1-8.) However, Plaintiff has not attempted to quantify her harm suffered to a dollar value. Her Motion contains no citations to medical costs, quantifications of pain and suffering, or monetary awards in comparable cases. (*See* Motion at 7–9.) Moreover, the Court's (necessarily cursory) independent review of the record indicates that none of the nearly 200 pages of medical evidence submitted by Plaintiff attempts a quantification of her damages.

## II.     Default Judgment

After the Clerk of Court enters default, the Court may enter default judgment pursuant to Rule 55(b). The Court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The Court considers the following factors in deciding whether default judgment is warranted: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In

considering the merits and sufficiency of the complaint, the Court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Based upon the analysis below, the Court finds that the *Eitel* factors favor default judgment against Defendant.

### A.     Possibility of Prejudice to Plaintiff

The first *Eitel* factor weighs in favor of default judgment. Defendant failed to respond to the Complaint or otherwise appear in this action despite being served with the Complaint, the application for default, and the Motion for Default Judgment. The Court is satisfied that if Plaintiff's motion is not granted, she "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This prejudice to Plaintiff supports the entry of default judgment.

### B.     Merits of the Claim and Sufficiency of the Complaint

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standards. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). Plaintiff's claim arises under 18 U.S.C. § 2255(a). To be held liable under § 2255(a), a defendant must have committed a violation of, *inter alia*, § 2252, and such violation must have caused personal injury to the claimant victim. Plaintiff has adduced facts supporting all elements of Plaintiff's claim. Even without Defendant's guilty plea, the allegations and supporting affidavit from the program manager of the National Center for Missing and Exploited Children constitute sufficient factual support to establish that Defendant violated § 2252 and that Plaintiff was the victim of that violation. The other element of a claim under § 2255(a)—the existence of "personal injury"—is established by Plaintiff's allegations that she has suffered and continues to suffer grave anguish as a result of Defendant's having viewed sexually exploitative images of her as a child. Because the well-pled factual allegations of the complaint are deemed true upon default, *see Geddes*,

559 F.2d at 560, Plaintiff has pled a meritorious and sufficient claim under § 2255. The second and third factors therefore favor default judgment.

### C. Amount of Money at Stake

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Defendant's conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Although the amount in controversy here, whether $1 million or $150,000, is certainly large, it is not disproportionate to the seriousness of Defendant's conduct. Courts regularly award default judgment for hundreds of thousands of dollars under various commercial causes of action, including intellectual property violations, *see HTS, Inc. v. Boley*, 954 F. Supp. 2d 927 (D. Ariz. 2013), and breaches of contract, se*e Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916 (C.D. Cal. 2010). Child pornography offenses are certainly as serious, if not orders of magnitude more serious, than such financial wrongdoing. Moreover, Congress has already pronounced that $150,000 is an appropriate liquidated damages amount for the precise conduct at issue in this case. *See Prewett v. Weems*, 749 F.3d 454, 462 (6th Cir. 2014) (holding that "[t]he $150,000-presumed-damages provision in § 2255(a) creates a floor"). The Court cannot gainsay Congress's determination by concluding otherwise. Therefore, the fourth *Eitel* factor favors default judgment.

### D. Possible Dispute Concerning Material Facts

The fifth *Eitel* factor usually receives short shrift from courts. It is frequently disposed of by summary reference to the proposition that all well-pled factual allegations are taken as true. Rather than adopt that approach here, the Court finds it appropriate to take judicial notice of Defendant's pending criminal appeal and consider whether that filing affects the propriety of a default judgment in this civil matter. Defendant's plea agreement reserved to him the right to appeal Judge Brnovich's denial of his motion to suppress evidence. (Criminal Case, Doc. 81 at 6.) Consistent with that agreement, Defendant has appealed to the Ninth Circuit and argued that his conviction must be overturned due to reliance on evidence procured in violation of the Fourth Amendment. (Opening Brief at

1–2, *United States v. Holmes, Jr.*, No. 22-10266 (9th Cir. March 9, 2023).) The appellate court conducted oral argument on December 5, 2023, but no decision has yet issued. Plaintiff's Complaint makes extensive reference to Defendant's conviction. This raises the issue of whether a pending question as to the validity of the conviction creates a possible dispute of material fact for purposes of default judgment in this civil matter. The Court concludes that it does not.

Although a conviction under § 2252 is sufficient for liability under § 2255(a), it is not necessary. A "violation" of § 2252, for purposes of the civil remedy created by § 2255(a) does not require a finding of guilt beyond a reasonable doubt; instead, § 2255(a) merely requires a showing by a preponderance of the evidence that the defendant violated the predicate statute. *Smith v. Husband*, 376 F. Supp. 2d 603, 613 (E.D. Va. 2005) ("The Court finds that given the legislative history of 18 U.S.C. § 2255, Congressional intent is to make the civil remedies provision available to any victim able to show by a preponderance of the evidence that the defendant committed the acts described in any of the listed offenses."); *see also Prewett*, 749 F.3d at 459 (holding that "the predicate acts required for civil liability need not be established beyond a reasonable doubt" in part because "child abuse injures its victims no less seriously when the conduct does not lead to a successful criminal prosecution than when it does" (internal quotation marks omitted)). Therefore, the possibility of a remand in the underlying criminal matter does not necessarily threaten Plaintiff's civil claim. As noted above, Plaintiff's Complaint relied on averments beyond the mere existence of Defendant's conviction.

Of course, the facts pled in Plaintiff's Complaint might depend upon evidence that is fruit of a possibly poisonous tree, but the Court will not speculate as to what downstream evidentiary effect the Ninth Circuit's forthcoming ruling might have upon this case. In any event, the fifth *Eitel* factor is focused upon disputes of fact, not disputes of contingent evidentiary admissibility. If Defendant possesses a viable evidentiary defense, it is incumbent upon him to assert that defense before the Court. Plaintiff's Complaint is sufficient as a matter of fact to entitle her to default judgment, and it would be unjust to

delay her relief until the issuance of a Ninth Circuit ruling of unknown timetable, unknown disposition, and unknown legal effect even in the event that it is favorable to Defendant. The Court finds that the fifth *Eitel* factor is neutral.

### E. Whether Default Was Due to Excusable Neglect

Plaintiff properly served the summons, the Complaint, the application for entry of default, and the motion for default judgment. It is of no moment that Defendant is presently incarcerated. Courts routinely hold that incarcerated defendants are subject to the same default standards as non-incarcerated individuals. *See Axis Ins. Co. v. Yedor*, No. CV1503480SJOAGRX, 2015 WL 13914888, at *6 (C.D. Cal. Oct. 1, 2015); *Cara v. Salley*, No. 2:23-CV-00803-LK, 2024 WL 1859854, at *4 (W.D. Wash. Apr. 29, 2024). At most, Defendant's incarcerated status renders this factor neutral. *See New York Life Ins. Co. v. Begashaw*, No. 2:22-CV-02081-KJM-JDP, 2024 WL 3887593, at *5 (E.D. Cal. Aug. 20, 2024). And because Defendant is currently incarcerated for the very acts that give rise to Plaintiff's civil claim, the Court finds that it would be inequitable to hold Defendant's incarceration against Plaintiff's pursuit of civil relief. Therefore, the sixth *Eitel* factor favors default judgment.

### F. Policy Favoring a Decision on the Merits

The last factor usually weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Although the final factor weighs against default judgment, the Court is also compelled to deem the well-pled factual allegations against Defendant as true upon his default, *see Geddes*, 559 F.2d at 560. The Court therefore is not precluded by this factor from entering default judgment against Defendant. *See PepsiCo*, 238 F. Supp. 2d at 1177; *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

. . .

. . .

**G. Conclusion.**

Five of the seven *Eitel* factors favor default judgment, one factor is neutral, and one weighs against default judgment. Considering all the factors together, the Court concludes that default judgment against Defendant is appropriate.

## III. Damages

In her Complaint, Plaintiff requested relief in the form of either (1) actual damages in an unspecified amount or (2) statutory liquidated damages in the amount of $150,000. (Complaint at 6.) In her Motion for Default Judgment, Plaintiff nominally quantified her prayer for actual damages as a request for $1 million, but she failed to provide any proof that $1 million is an appropriate quantification of the injury that she has suffered as a result of Defendant's actions. (*See* Motion at 7–9.)

Plaintiff "bears the burden of demonstrating entitlement to the sought amount of damages." *Szabo v. Sw. Endocrinology Assocs. PLLC*, No. CV-20-01896-PHX-DWL, 2021 WL 3411084, at *2 (D. Ariz. July 27, 2021). Ordinarily, in cases where the amount of damages is not apparent from the papers, the Court would set a hearing for the purpose of determining damages. However, a hearing is not always required. Even in cases "where the amount of damages is not certain," the Court may proceed without a hearing "so as long as there is a basis for determining damages for purposes of the default judgment." *Id.* at *1 (quoting *Ullico Cas. Co. v. Abba Shipping Lines, Inc.*, 891 F. Supp. 2d 4, 7 (D.D.C. 2012)).

In this case, statutory liquidated damages are an appropriate remedy such that a hearing is not necessary. Despite dedicating a section to the "calculation of damages" in her Motion for Default Judgment, and despite attaching substantial documentation in support of her Motion, Plaintiff neither quantified her harm suffered nor even meaningfully attempted to do so. Given that motions for default judgment "are typically fully developed," *id.*, the Court does not expect substantial new evidence to be adduced at a hearing. The utility of a damages hearing would appear to be minimal. Moreover, Plaintiff has not requested such a hearing. Of course, these considerations would not normally cause

the Court to decline to hold a damages hearing. However, this case is unique in that Congress has already determined an appropriate award of liquidated damages for cases in which child pornography violations are not amenable to numerical quantification. *See* 18 U.S.C. § 2255(a). Given the existence of a congressionally established liquidated damages remedy of $150,000, and given the fact that Plaintiff expressly requested such remedy in the alternative, the Court finds it appropriate to enter default judgment against Defendant for $150,000.

## IV. Attorney's Fees and Other Costs of the Action

Plaintiff has requested an award of the litigation costs reasonably incurred in pursuit of this action, including reasonable attorney's fees. Under § 2255(a), such award is mandatory. "Because an award of reasonable attorney's fees and costs may be determined by affidavit and supporting documentation, even though such fees were not alleged as a liquidated amount in the Complaint, Rule 55(b)(2)(B) does not require an evidentiary hearing." *Vaile v. Nat'l Credit Works, Inc.*, No. CV-11-674-PHX-LOA, 2012 WL 176314, at *2 (D. Ariz. Jan. 23, 2012). Thus, the Court invites Plaintiff to submit an application, supported by affidavit and other competent evidence, for her reasonable attorney's fees and other costs reasonably incurred in this action, no later than **October 23, 2024**.

**IT IS THEREFORE ORDERED** granting Plaintiff's Motion for Default Judgment. (Doc. 15.)

**IT IS FURTHER ORDERED** that, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Clerk of Court shall enter Judgment in favor of Plaintiff and against Defendant in the liquidated amount of $150,000.00. This amount shall bear post-judgment interest at the federal rate from the date of Judgment until paid. The Clerk of Court is directed to close this matter.

. . .

. . .

. . .

. . .

Case 2:24-cv-00199-JJT   Document 16   Filed 10/09/24   Page 10 of 10

1     **IT IS FURTHER ORDERED** that, upon sufficient application by Plaintiff, an award of reasonable attorney's fees and other litigation costs shall follow by separate order.

Dated this 8th day of October, 2024.

_____
Honorable John J. Tuchi
United States District Judge